Pearson, J.
 

 In 1837, the defendant placed in the hands of the plaintiff, for collection, three notes — one on Lewis, for $25, and two on Greenlee, the amount of which is not admitted by the pleadings. The plaintiff has collected the tnoney ; and in August, 1839, paid
 
 to
 
 'the defendant $20, for which he took a receipt, reciting that it was on account of the debts on Greenlee. In 1848, the defendant demanded the balance, and soon thereafter brought an action at law. and recovered judgment for $170.
 

 
 *251
 
 The plaintiff alleges, that, in the year 1838, he paid to the defendant $25, the amount of the debt on Lewis. In 1840, he paid $45 to one Holcomb, for the defendant; and, in 1S46, he paid to the defendant $15; but, as he had given no receipt — he required none— has no means of proving these payments, “except, perhaps, the one to Holcomb, by' following him to Kentucky”; and these three payments,’ with the $20, for which he has a receipt, he thinks, is about’ the amount of the debts, which he had undertaken to collect; but he made no entry, and cannot ascertain the precise amount of the notes on Greenlee.
 

 He further alleges, that “the defendant brought suit against your orator to McDowell Superior Court of Law, on account of said debts ; and, on meeting said defendant,’ at the Spring Term, 18’50, he assured your orator that he would allow him all just credits, and come to a fair settlement. Your orator, with a view to settle'the suit, and avoid the trouble of attending Court so far from home, proposed to pay him $25 for a compromise : That your orator verily believed, and yet believes, that he had paid the defendant all that was due him, (especially, if your orator should be allowed a reasonable compensation for his trouble.) To this the defendant remarked, that he had to go ho’me that evening, but would return next morning, and settle, but tailed to do so ; and afterwards promised to meet your orator at Buncombe, and settle, but failed to do so and at Fall Term, 1850, in your orator’s absence, and while he was relying on the defendant’s promise to settle the matter amicably, the defendant pressed the trial, and obtained judgment for about one hundred and seventy dollars,” of which the plaintiff” was not informed until several months afterwards.
 

 The prayer is for an injunction, except as to the sum of twenty-five dollars, which, the plaintiff alleges, will more than cover the amount fairly due to- the defendant.
 

 
 *252
 
 The defendant denies, that ho ever received any pay» menf in respect to the money collected by the plaintiff, ex» cept the twenty dollars for which he gave a receipt, and which was allowed as a credit on the trial at law. He avers, that the sum was all that the plaintiff had frequently assured him he had been able to collect, and he remained in ignorance of the fact, that he had collected the whole amount of the debts, until some time in 1846. As to the forty-five dollars, alleged to have been paid to Hoi-, comb, he avers there was no such payment; and says, that, in 1838. he purchased a note on said Holcomb, which was sold at public auction, at the price of forty»five dollars, and not having money enough about him at the moment, he borrowed part of it of the plaintiff, and at the same time gave him Holcomb’s note to collect, A short time after-wards, he paid eighteen dollars in bank for the plaintiff and after the note of Holcomb was collected, he allowed him to retain out of the mone}r, a sum which, with the eighteen dollars, repaid the money borrowed.
 

 As to the fifteen dollars, he denies that it was paid in respect of the debts, which the plaintiff had collected
 
 ;
 
 and says, it was paid in part of a debt due him for professional services, and was so expressly agreed on, at the time.
 

 Further answering, the defendant avers, that, when he met the plaintiff; at Spring Term, 1850, of McDowell Superior Court, he was ready to try the suit, but the plaintiff suggested, he wo.ujd prefer to settle amicably: This defendant was about starting home, and told him to call on his attorney, who was authorised to act for him: This defendant was informed on the next morning, by his attorney, that no amicable settlement could be made : This defendant then notified the plaintiff that negotiations were at an end, and he would press for trial at that term, if the case were reached ; but it was not reached at that Term. This defendant denies that the plaintiff offered him twenty-five dollars to, compromise, at any time. He denies, that he
 
 *253
 
 agreed to meet the plaintiff at Buncombe Court and settle amicably, or that he gave him any reason to expect that the suit would be settled in any other way, after Spring Term, 1850, than by a regular trial at law; and he denies, that the plaintiff was prevented from attending Court at the time of the trial, by any promise of this defendant. On the contrary, he avers, that the plaintiff had express notice that the suit would be pressed for trial as soon as it was reached. And he is informed and believes, that the plaintiff knew the suit would be reached, and i’efused to attend of his own accord; that J, W. McElroy, one of defendant’s witnesses, saw the plaintifl shortly before the Fall Term, 1850, of McDowell Court, informed him that the suit would be tried, and enquired if he was going to attend Court; whereupon . the plaintiff replied, that he would not attend, for he relied upon the statute of limitations as his defence, and asks this defendant no favors in the suit. And the defendant avers, that the whole sum recovered by him at law, is justly due, —the trial was fair, and the plaintiff appeared by counsel, who had been employed from the commencement of the suit.”
 

 The answer is full and satisfactory, and, we think, fully denies the plaintiff’s equity.
 

 The bill seeks to have a new trial in this Court, in respect to the alleged payments, which the plaintiff failed to prove upon the trial at law. If a party either will not, or cannot, make good his defence at law, it is his folly, or his misfortune. The fact, that he has made payments, will not, of itself, raise an equity against the judgment. There must be some fraud and circumvention practised, whereby it is put out of his power to prove the payments.
 

 It further alleges, (and this is
 
 the foundation
 
 of the plaintiff’s equity,) that he was, by false promises, induced not to attend Court, and “surprised” by a judgment being taken in his absence.
 

 
 *254
 
 It does not appear how the plaintiff was prejudiced by being absent at the time of the trial. If he had.been present, he had no means of proving his payments; and, suppose he could have filed an affidavit, and continued the case, to give time fop a bill of discovery, it would have availed him nothing, because the result would have been the present answer, which positively denies the payments, and, of course, would not have aided in the trial of the issue, on the plea of payment. So that, as it turns out, he was, in fact, not prejudiced. But, apart from-this view, the answer denies the fraud, circumvention, and false promises, out and out, and sweeps away the ground-work of the plaintiffs equity.
 

 It was insisted for the plaintiff, that, when the equity of a bill is admitted, and new matter is set up as a defence, the injunction will not be dissolved on bill and answer. That is true; for, in such cases, the plaintiff’s allegations are admitted, and the defendant has no proof of the allegation made by him.
 

 It is not necessary to consider, how far the principle is applicable to this case; because the foundation of the plaintiff’s equity has failed. But, as this point was pressed, it may be well to remark, that there is an obvious distinction between a case, where the bill charges the receipt of money and a general accountability, and the answer admits the receipt, and seeks to account for the money, by alleging its application to some particular purpose — and a case 1 ka the present, where the bill charges a payment on a particular account, and the answer denies that any payment was made on that account, and accompanies the denial with an admission, that a certain sum was received as a payment on some other account > for, there is no confession and avoidance by new matter, but a positive denial of the allegation, together with an explanation of a circumstance relied on
 
 to
 
 g-ive color to the allegation,
 

 
 *255
 
 In this case a general allegation would not have answered the purpose. It was necessary to allege, that the payments were made on account o.f the money collected. This, allegation is denied.
 

 There is no error. The injunction ought to have been dissolved. This opinion will be certified. The plaintiff must pay the costs of this Court.
 

 Pari CuKpAií. o Ordered accordingly,